```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
DWAYNE MYRICK,

                        Petitioner,

        -against-                            ORDER
                                             06-CV-2418 (JS)
VINCENT DEMARCO,

                        Respondent.
--------------------------------------X
APPEARANCES:
For Petitioner:     Valerie A. Hawkins, Esq.
                    77 Saint Pauls Road North
                    Hempstead, NY 11550

For Respondent:     Glenn D. Green, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901
```

SEYBERT, District Judge:

On February 19, 2010, the Court denied Petitioner Dwayne Myrick's Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has now moved for reconsideration. For the following reasons, that motion is DENIED.

DISCUSSION

I. Standard of Review

Motions for reconsideration may be brought pursuant to FED. R. CIV. P. 59(e) and 60(b) and Local Rule 6.3. See Wilson v. Pessah, 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. 2007). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked

important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, 98-CR-0159, 2002 U.S. Dist. LEXIS 28159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[ ] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [such a motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).

II. Application[1]

Petitioner's motion for reconsideration raises three arguments: (1) the police lacked probable cause to initially stop and detain him; (2) probable cause to arrest is an element of resisting arrest, but the trial court's jury instructions improperly removed that element from the jury's consideration; and (3) the trial evidence was insufficient to prove probable cause to arrest. As an initial matter, these arguments are procedurally barred to the extent that Petitioner already made them in his initial Petition, and the Court already rejected them. See Gross, 2002 WL 32096592 at *4. In any event, they are without merit.

With respect to Petitioner's temporary detention claim, Petitioner is wrong that the police needed probable cause to detain him. As the Court previously held, the police needed only reasonable suspicion. See Docket No. 9 at 7-8. And, to the extent that Petitioner argues that reasonable suspicion to temporarily detain is a jury issue, he has failed to identify any clearly established Federal law that requires a jury to determine if a temporary detention complies with the Fourth Amendment. See Docket No. 9 at 7-8.

---

[1] The Court hereby incorporates by reference the findings and legal conclusions it first articulated in denying Petitioner a writ of habeas corpus. See Docket No. 9.

Likewise, Petitioner's jury instruction claim fails. As this Court previously noted, and contrary to Petitioner's arguments, the trial court properly instructed the jury that "reasonable cause" to arrest Petitioner was an element of the crime that the People needed to prove beyond a reasonable doubt. Id. at 7-8.

Finally, Petitioner also appears to argue that the trial evidence was insufficient to establish probable cause to arrest and thus, insufficient to prove the resisting arrest count. Again, he is wrong. As Petitioner concedes, at trial Police Officer Brian Kopke testified that, when he stopped Petitioner's vehicle, Petitioner emerged from the car angry, upset, and violent, exclaiming that it would "take all of you to take me on," and that Petitioner then pushed him in the chest. Petition ¶¶ 17, 35. This testimony permitted the jury to find, beyond a reasonable doubt, that the police had probable cause to arrest Petitioner on a charge of disorderly conduct. It follows then that the jury could also find, beyond a reasonable doubt, that Petitioner resisted an authorized arrest.

## CONCLUSION

Petitioner's motion for reconsideration is DENIED. The Court reiterates that it will not issue a certificate of Appealability.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  25 , 2011
       Central Islip, New York